IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| JAMES RANDALL BRYANT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 2:09-00093 |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Brown |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| *Defendant*. | ) | |

## ORDER

Pending before the Court is Plaintiff James Randall Bryant's ("Plaintiff "or "Bryant") Motion for Judgment on the Record ("Plaintiff's Motion") (Doc. No. 8) and Defendant's Motion for Judgment on the Record ("Defendant's Motion") (Doc. No. 10). Magistrate Judge Brown has issued a Report and Recommendation ("Report") (Doc. No. 12), to which Plaintiff has filed objections (Doc. No. 13). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **GRANTS** Plaintiff's Motion, **DENIES** Defendant's Motion, and **REMANDS** the case for further administrative proceedings.

**I. BACKGROUND**

   *A.  Procedural Background*

Plaintiff first filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 14, 2001. These applications were denied after a hearing on

- 1 -

June 12, 2003, in an ALJ decision dated October 8, 2003. (Tr. 36.) The denial was upheld by this Court on November 29, 2006. (Case No. 2:04-00022; Docket Entries 13, 15.)

Plaintiff filed the current applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 30, 2006. (Tr. 9.) Plaintiff asserted disability due to chronic pain, degenerative arthritis, a bone spur on his foot, reflex sympathetic dystrophy, obesity, pre-diabetes, chronic obstructive pulmonary disease, Parkinson's disease, thyroid problems, and acute brain syndrome. (Tr. 12.) Plaintiff's application was denied initially and upon reconsideration. (Tr. 9.) Plaintiff filed a request for a hearing by an ALJ. (Tr. 57.)

The hearing was held on March 13, 2009. (Tr. 14-30.) After hearing testimony from Plaintiff and Plaintiff's wife, the ALJ issued a denial of benefits on April 22, 2009. (Tr. 6-13.) Specifically, the ALJ made the following findings of fact:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2003.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 31, 2003 through his date last insured of December 31, 2003.

3. Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.

4. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 31, 2003, the amended alleged onset date, through December 31, 2003, the date last insured.

Plaintiff filed a request for a review of the hearing decision on June, 11, 2009. (Tr. 1.) On August 21, 2009, the Appeals Council entered an order denying the request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 3-5.)

On August 28, 2009, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1.) The Court has jurisdiction under 42 U.S.C. § 405(g). On February 9,

2010, Magistrate Judge Brown recommended the ALJ's decision be affirmed and the Plaintiff's Motion be denied. (Doc. No. 12.) Plaintiff asserts one (1) objection to the Magistrate Judge's findings. (Doc. No. 13.) Specifically, Plaintiff contends that the ALJ rejected the opinion of Dr. Jones, a treating physician, without giving good reasons for doing so.

### B. *Factual Background*

The Court herein adopts the statement of facts provided in the Report (Doc. No. 12, at 3-8).

## II. STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2009). However, this review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2008). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." *Richardson v. Pereles*, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

A finding of substantial evidence holds significant weight on appeal. "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999); *Crum v. Sullivan*, 921 F.2d 642, 644 (1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331; *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to a different factual conclusion as to the Plaintiff's claim on the merits than that of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

*A. Plaintiff objects that the ALJ rejected the opinion of Dr. Jones, a treating physician, without giving good reasons for doing so.*

In assessing the medical evidence supplied in support of a claim, the ALJ must adhere to the treating physician rule. Under this rule, the ALJ must give greater deference to the opinions of treating physicians than to those of non-treating physicians. *See* Soc. Sec. Rul. 96-2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). A treating physician is defined as one with an "ongoing treatment relationship" with the patient. *See* 20 C.F.R. § 416.902 (2009). The justification for this rule is that "the treating physician has had a greater opportunity to examine and observe the patient . . . . [and] is generally more familiar with the patient's condition than are other physicians." *Walker v. Sec'y of H.H.S.* 980 F.2d 1066, 1070 (1992). Thus, if the opinion of the treating physician as to the nature and

- 4 -

severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

Even when the physician's opinion is non-controlling, there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference.  Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4 ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.").  The ALJ, in determining how much weight is appropriate, must consider a host of factors, including: the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors.  *Id.*

There is an additional procedural requirement associated with the treating physician rule. The ALJ must provide "good reasons" for discounting treating physicians' opinions.  "Good reasons" are those that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  *Id.* at *5.  As the *Rogers* court explained:

> The purpose of this procedural aspect of the treating physician rule is two-fold.  First, the explanation "let[s] claimants understand the disposition of their cases," particularly where a claimant knows that his physician has deemed him disabled and therefore "might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied."  Second, the explanation 'ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule."

*Rogers*, 486 F.3d at 242 (quoting *Wilson*, 378 F.3d at 544).  Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, the failure to

- 5 -

Case 2:09-cv-00093   Document 16   Filed 06/18/10   Page 5 of 9 PageID #: 134

follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions and denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record. *Id.*

With these standards in mind, the court turns to the ALJ's consideration of the medical evidence of Dr. Jones. The parties do not contest that Dr. Jones is a treating physician, and the record reflects that Plaintiff has seen Dr. Jones at least ten times since 2002. (Tr. 258, 299, 302, 306, 307, 312, 315, 320, 349.) Therefore, there is an "ongoing treatment relationship" between Plaintiff and Dr. Jones, and Dr. Jones is a treating physician. *See* 20 C.F.R. § 416.902 (2009).

Because Dr. Jones is a treating physician, the ALJ must provide a "good reason" for rejecting his opinion. *See Rogers*, 486 F.3d at 242. The ALJ's decision mentions that Plaintiff visited Dr. Jones in 2002, at which time Dr. Jones allegedly described Plaintiff's condition as "stable and improved". (Tr. 12.) The treatment notes from the 2002 visits do not appear in the record.

The record contains notes from three appointments with Dr. Jones in 2005 and 2006. At each visit, Dr. Jones diagnosed Plaintiff with organic brain damage caused by a tractor-trailer accident in 1998 and obesity. (Tr. 172.) In 2005, Dr. Jones described Plaintiff as being incapable of visiting a doctor by himself. (Tr. 172.) He also diagnosed Plaintiff with smothering, pharyngitis, Syndrome X, otitis, pharyngitis, tracheobronchitis, and leg-jerking syndrome. (Tr. 172-74.) Dr. Jones also referred Plaintiff to Dr. Henson, a pulmonologist, who diagnosed Plaintiff with COPD, asthmatic bronchitis, and subsegmental atelectasis. (Tr. 336).

On October 20, 2006, Dr. Evelyn J. Diehl analyzed Plaintiff's medical records. (Tr. 255-58.) She found that there was no new medical evidence of record since October 8, 2003, the date

of the ALJ's opinion in Plaintiff's prior case, and December 31, 2003, Plaintiff's date last insured.[1] (Tr. 256). She therefore adopted the previous ALJ's residual functional capacity. *Id.*

On October 27, 2006 Rebecca Joslin, Ed.D., completed a psychiatric review of Plaintiff's file and a residual functional capacity assessment. (Tr. 267-83.) Dr. Joslin noted that there was no new medical evidence of record since the previous ALJ decision and Plaintiff's amended date last insured, and she adopted the previous ALJ's residual functional capacity. (Tr. 279.)

Plaintiff visited Dr. Jones again on January 8, 2007. (Tr. 315.) During this visit, Dr. Jones noted that Plaintiff has a personality change from his brain damage. (*Id.*) Plaintiff also visited Dr. Jones on April 16, April 23, and May 7, 2007. (Tr. 306-12.) While Dr. Jones stated on May 7, 2007 that Plaintiff was "much improved" since his last visit, Dr. Jones also described Plaintiff's behavior as "silly" as a result of his brain damage at each visit. (*Id.*)

On February 10, 2009, Dr. Jones assessed Plaintiff's ability to do work-related activities. (Tr. 348-49). Dr. Jones found that Plaintiff was restricted to carrying less than ten pounds, restricted to standing and walking for less than two hours in an eight-hour workday, and restricted to sitting for less than six hours in an eight-hour workday. (*Id.*) Dr. Jones also stated that the plaintiff sustained an organic brain injury in a truck accident "about 12 years ago" and "seldom knows what is going on" and "has obsessive disorder due to the acute brain injury, migraine headaches, [and] manic depressive disorder." (Tr. 349.) Dr. Jones further found that Plaintiff would constantly experience pain severe enough to interfere with attention and

---

[1] In so finding, Dr. Diehl rejected a 2003 evaluation of Dr. Jones that Plaintiff can do no work because it was "not supported by his own clinical findings" in May, November, and December 2002 that described the Plaintiff's condition as "improved…and stable." (Tr. 258.) Neither the 2003 evaluation nor the 2002 clinical findings appear in the record, likely because they are from the time period adjudicated by the October 8, 2003 ALJ decision.

concentration, and would frequently have to take unscheduled breaks during an eight-hour workday. (*Id.*)

In explaining why he chose to reject Dr. Jones's opinion, the ALJ stated the following: "Dr. Jones' [sic] opinion that the claimant can perform no work is not supported even by his own clinical findings as he reported in May 2002 that the claimant's condition was stable and improved. The undersigned gives no weight to the opinion of Dr. Jones." (Tr. 12.) The ALJ wrote nothing further on the matter. The Court finds that this sentence is not a sufficiently "good reason" for rejecting the treating physician's opinion. The May 2002 clinical findings upon which the ALJ relies do not appear in the record, which makes it impossible to meaningfully review whether the ALJ's rejection of those findings was supported by substantial evidence. Both the ALJ's opinion and Dr. Evelyn Diehl's October 20, 2006 Medical Evaluation only describe those findings as indicating that Plaintiff was improved and stable, with no more detail. (Tr. 12, 258.) From this vague description, the reviewing Court cannot determine if those 2002 clinical findings actually undermine Dr. Jones's February 10, 2009 evaluation of Plaintiff's disability. Therefore, there is not substantial evidence in the record to support the ALJ's determination that Dr. Jones's 2009 evaluation of Plaintiff's ability to do work-related activities should be given no weight.

## IV. CONCLUSION

In conclusion, the standards applied by the ALJ prevent this court from finding that the Commissioner's decision is supported by substantial evidence. These standards, although quite deferential to the findings of the Commissioner, do have certain limitations. Specifically, we

find that the reason given for discounting the opinion of Bryant's treating physician was insufficient to constitute substantial evidence.

However, we do not decide today whether there is substantial evidence in this record upon which to award benefits. That task is reserved first for the Commissioner in his discretion. Rather, we hold only that the Commissioner failed to provide sufficient justification for his denial based upon the applicable legal standards.

Accordingly, the Court **REVERSES** and **REMANDS** the above-styled case according to Sentence Four, 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. Plaintiff's Motion is hereby **GRANTED**, and Defendant's Motion is **DENIED**. This Order terminates this Court's jurisdiction over the above-styled action, and the case is **DISMISSED**.

It is so ORDERED.

Entered this the __17th___ day of June, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT