THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| JAMES RANDALL BRYANT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No. 2:09-00093 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Brown |
| MICHAEL J. ASTRUE, ) | |
| **Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| *Defendant*. ) | |

## AMENDED ORDER

Pending before the Court is Plaintiff James Randall Bryant's ("Plaintiff" or "Bryant") Motion for Judgment on the Record ("Plaintiff's Motion") (Doc. No. 8) and Defendant's Motion for Judgment on the Record ("Defendant's Motion") (Doc. No. 10). Magistrate Judge Brown has issued a Report and Recommendation ("Report") (Doc. No. 12), to which Plaintiff has filed an objection (Doc. No. 13). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

### I. BACKGROUND

*A. Procedural Background*

Plaintiff first filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 14, 2001. These applications were denied after a hearing on June 12, 2003, in an Administrative Law Judge ("ALJ") decision dated October 8, 2003. (Tr.

- 1 -

36.) The denial was upheld by this Court on November 29, 2006. *Bryant v. Comm'r of Soc. Sec.*, No. 2:04-00022 (M.D. Tenn. Nov. 29, 2006).

Plaintiff filed the current applications for DIB and SSI on June 30, 2006 (Tr. 9.), asserting a disability onset date of December 14, 1998 (Tr. 93). Plaintiff asserted disability due to chronic pain, degenerative arthritis, a bone spur on his foot, reflex sympathetic dystrophy, obesity, pre-diabetes, chronic obstructive pulmonary disease, Parkinson's disease, thyroid problems, and acute brain syndrome. (Tr. 12.) On March 11, 2009, Plaintiff amended his disability onset date to December 31, 2003, which is also his date last insured. (Tr. 211.) Plaintiff's application was denied initially and upon reconsideration. (Tr. 9.) Plaintiff filed a request for a hearing by an ALJ. (Tr. 57.)

The hearing was held on March 13, 2009. (Tr. 14-30.) After hearing testimony from Plaintiff and Plaintiff's wife, the ALJ issued a denial of benefits on April 22, 2009. (Tr. 6-13.) Specifically, the ALJ made the following findings of fact:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2003.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 31, 2003 through his date last insured of December 31, 2003.

3. Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.

4. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 31, 2003, the amended alleged onset date, through December 31, 2003, the date last insured.

Plaintiff filed a request for a review of the hearing decision on June, 11, 2009. (Tr. 1.) On August 21, 2009, the Appeals Council entered an order denying the request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 3-5.)

On August 28, 2009, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1.) The Court has jurisdiction under 42 U.S.C. § 405(g). On February 9, 2010, Magistrate Judge Brown recommended the ALJ's decision be affirmed and Plaintiff's Motion be denied. (Doc. No. 12.) Plaintiff asserts one (1) objection to the Magistrate Judge's findings. (Doc. No. 13.) Specifically, Plaintiff contends that the ALJ rejected the opinion of Dr. Jones, a treating physician, without giving good reasons for doing so.

*B. Factual Background*

The Court herein adopts the statement of facts provided in the Report (Doc. No. 12, at 3-8).

## II. STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2010). However, this review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2010). Accordingly, if the Commissioner adopts the ALJ's decision, the reviewing court will uphold the decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." *Richardson v. Pereles*, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of*

*Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

A finding of substantial evidence holds significant weight on appeal. "Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389 (6th Cir. 1999); *Crum v. Sullivan*, 921 F.2d 642, 644 (1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and the Commissioner. *Hogg v. Sullivan*, 987 F.2d 328, 331; *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to a different factual conclusion as to the Plaintiff's claim on the merits than that of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

  A. *Plaintiff objects that the ALJ rejected the opinion of Dr. Jones, a treating physician, without giving good reasons for doing so.*

In assessing the medical evidence supplied in support of a claim, the ALJ must adhere to the treating physician rule. Under this rule, the ALJ must give greater deference to the opinions of treating physicians than to those of non-treating physicians. *See* S.S.R. 96-2p (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). A treating physician is defined as a physician who has an "ongoing treatment relationship" with the patient. *See* 20 C.F.R. § 416.902 (2009). The justification for this rule is that "the treating physician has had a

greater opportunity to examine and observe the patient . . . [and] is generally more familiar with the patient's condition than are other physicians. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (1992). Thus, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

Even when the physician's opinion is non-controlling, there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference. S.S.R. 96-2p ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). The ALJ, in determining how much weight is appropriate, must consider a host of factors, including: the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id.* In weighing these factors, the ALJ may properly reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997).

The ALJ must provide "good reasons" for discounting a treating physician's opinion. "Good reasons" are those that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96-2p. As the *Rogers* court explained:

> The purpose of this procedural aspect of the treating physician rule is two-fold. First, the explanation "let[s] claimants understand the disposition of their cases," particularly where a claimant knows that his physician has deemed him disabled and therefore "might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." Second, the explanation "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule."

*Rogers*, 486 F.3d at 242 (quoting *Wilson*, 378 F.3d at 544). Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, the failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record. *Id.*

In order to qualify for disability benefits, a claimant must be insured at the time he becomes disabled (the onset date of the disability). 20 C.F.R. § 404.315(a)(1) (2010). A determination that a claimant is disabled made long after the alleged onset date is of minimal value in determining whether the claimant was disabled as of the alleged onset date. *See Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260, 264 (6th Cir. 1988) (holding that the absence of any relevant medical evidence until two years after the claimant's alleged onset date supported the Secretary's finding that the claimant was not disabled as of his alleged onset date).

Plaintiff asserts that the ALJ failed to give good reasons for rejecting the opinion of Dr. Jones, a treating source as defined by 20 C.F.R. § 416.902 (2009). The earliest treatment notes from Dr. Jones that appear in the record are from June 13, 2005.[1] (Tr. 172.) There is also

---

[1] The ALJ's decision and the report of a state agency physician mention that Plaintiff also visited Dr. Jones in 2002. (Tr. 12, 258.) Notes from any visit in 2002 do not appear in the record, but are irrelevant here because Plaintiff was found not disabled as of October 8, 2003 (Tr. 43), and this decision is final and binding and the issue is therefore precluded from being relitigated. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993).

evidence in the record that indicates that Plaintiff visited Dr. Jones on August 16, 2005 and October 12, 2006. (Tr. 173-74.) The record also reflects that Dr. Jones saw Plaintiff on January 8, 2007, April 16, 2007, April 23, 2007, and May 7, 2007. (Tr. 306-10, 312.)

Dr. Jones assessed Plaintiff's ability to do work-related activities on February 10, 2009. (Tr. 348-49.) Dr. Jones restricted Plaintiff to carrying less than ten pounds, standing and walking for less than two hours in an eight-hour workday, and sitting for less than six hours in an eight-hour workday. (*Id.*) Dr. Jones further stated that Plaintiff sustained an organic brain injury in a truck accident "about 12 years ago" and "seldom knows what is going on" and "has obsessive disorder due to the acute brain injury, migraine, [and] manic depressive disorder." (Tr. 349.)

In rejecting Dr. Jones's opinion, the ALJ first noted that "Dr. Jones' opinion that the claimant can perform no work is not supported by his own clinical findings as he reported in May 2002 that the claimant's condition was stable and improved."[2] (Tr. 12.) More importantly, the ALJ observed that "there is no new objective medical evidence of record for the period of adjudication from October 8, 2003, the [prior ALJ's] decision, through the claimant's date last insured, December 31, 2003." (Tr. 13.) He therefore adopted the residual functional capacity from the prior ALJ's October 8, 2003 decision, and concluded that Plaintiff was not under a disability as defined in the Social Security Act as of December 31, 2003. (*Id.*)

The Court finds that the ALJ provided good reasons for discounting Dr. Jones's opinion. The assessment of Plaintiff's ability to perform work-related activities was made over five years

---

[2] These clinical findings do not appear in the record, but were discredited by ALJ Garner in his October 8, 2003 decision: "The physical assessment by Dr. Jones indicates that the claimant is unable to perform even sedentary work activity on a full time basis due to disc extrusion at L5-S1. However, this assessment is not supported by his own treatment records or by the objective evidence in the record as a whole. In May, November, and December 2002, Dr. Jones reported that the claimant's condition was improved and he was stable on prescribed medication. Therefore, no weight is given to this assessment." (Tr. 41.)

- 7 -

after the alleged onset date of Plaintiff's disability. (Tr. 349.) Because of the long span of time between this evaluation and the alleged onset date of the disability, the evaluation is of minimal value. *See Cornette*, 869 F.2d at 264. Importantly, none of Dr. Jones's treatment notes indicate that Plaintiff was disabled as of December 31, 2003. (Tr. 172-174, 299, 302, 306, 307, 312, 315, 320, 349.) While the medical basis for Plaintiff's disability in the report describes Plaintiff as being unable to work due to an "organic brain injury" that occurred twelve years prior (Tr. 349), a previous case established that, as of October 8, 2003, Plaintiff was not disabled. *Bryant v. Comm'r of Soc. Sec.*, No. 2:04-00022 (M.D. Tenn. Nov. 29, 2006). Without medical evidence establishing that Plaintiff's condition worsened between October 8, 2003 and December 31, 2003, this organic brain injury cannot form the basis of Plaintiff's disability. *See Casey*, 987 F.2d at 1232-33 ("[W]hen an plaintiff previously has been adjudicated not disabled, she must show that her condition so worsened in comparison to her earlier condition that she was unable to perform substantial gainful activity.").

The Court finds that substantial evidence supports the ALJ's determination that Dr. Jones's opinion does not establish that Plaintiff was disabled as of December 31, 2003. Even though the opinion of a treating physician is entitled to deference, the ALJ here had a "good reason" to reject Dr. Jones's opinion, which at best establishes that Plaintiff was disabled in 2009. *See Siterlet*, 823 F.2d at 920 (holding that where a treating physician's opinion fails to establish "a finding of disability during the relevant time period," the ALJ may reject that opinion).

- 8 -

## IV. CONCLUSION

The Court does not find merit in Plaintiff's objection because there is substantial evidence in the record to support the ALJ's decision to reject Dr. Jones's testimony on grounds that it does not establish that Plaintiff was disabled under 42 U.S.C. § 423(d)(1)(A) as of December 31, 2003. Therefore, Plaintiff's Motion is **DENIED**, Defendant's Motion is **GRANTED**, and the Court **ADOPTS** the Magistrate Judge's Report in its entirety.

This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the ___12th_____ day of July, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT